UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DANIEL TECKLEMARIAM HAGOS,

    Plaintiff,

v.

JOSEPH A ST LAURENT et al,

    Defendants.

CASE NO. 2:22-cv-01638-TSZ-JRC

REPORT AND RECOMMENDATION

NOTED FOR: March 10, 2023

This 42 U.S.C. § 1983 civil rights matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636 (b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4. Before the Court is plaintiff's request to proceed in forma pauperis ("IFP"). Because plaintiff has already accrued three "strikes" under 28 U.S.C. §1915(g), and because plaintiff has failed to correct defects in his proposed amended complaint, the Court recommends that the request to proceed IFP be denied and the proposed complaint dismissed.

**BACKGROUND**

On November 16, 2022, plaintiff filed an Application to Proceed IFP and a proposed complaint. *See* Dkt. 1. The Court denied plaintiff's application and directed him to amend the proposed complaint because the complaint, as written, failed to state a claim upon which relief could be granted. Dkt. 7. Plaintiff has now filed an amended complaint, again alleging that defendants, a jail health staff member and plaintiff's pro bono attorney, violated his rights under the Sixth and Eighth Amendments to the U.S. Constitution. Dkt. 9. Plaintiff's complaint appears to challenge various aspects of his confinement at the King County Correctional Facility ("KCCF") in November 2022. Plaintiff asserts in the first count of his complaint that his Eighth Amendment right to be free from cruel and unusual punishment was violated when a KCCF Jail Health Staff worker failed to provide him with adequate medical care for a leg injury—specifically, that he claims he was not provided with orthopedic services or an x-ray for his injured left leg, which he indicates has a metal rod in it. Plaintiff also indicates that he was recommended ibuprofen for pain but that he cannot take this medication due to stomach ulcers. Dkt. 1-1, at 5; Dkt. 9.

In the second count of his complaint, plaintiff alleges that his pro bono counsel, John St. Laurent, provided him with ineffective assistance when he provided incomplete information on a required superior court appearance in an ongoing criminal prosecution. Dkt. 1-1, at 12. Plaintiff seeks relief in the form of $90 million in damages, a federal prison sentence for Driscoll and St. Laurent, and a lie detector test administered to both individuals. *Id.* at 21, Dkt. 9, at 9.

In denying plaintiff's request to proceed IFP, the Court stated that it would not serve plaintiff's complaint for several reasons: plaintiff had failed to include the last name of one defendant; the alleged conduct by jail health staff did not support an Eighth Amendment

REPORT AND RECOMMENDATION - 2

violation; plaintiff could not pursue a § 1983 action against an attorney who was not a state actor; and the Court had no power to grant plaintiff's requested relief of prison sentences for the two defendants. *See* Dkt. 7. In his amended complaint, plaintiff has included the full name of the health care worker—Kathleen Driscoll—but omits further description of the alleged offenses and, instead, simply restates the applicable law. Plaintiff now requests the following relief:

> Send Kathleen Driscoll & Joseph St. Laurent to Federal prison. And put Kathleen Driscoll & Joseph St. Laurent on a Lie Detector test about using Intell[igence] Collect[ion] Avoid Being Conduct By Serie to Hack computers on the Land of U.S. of America and Attacking Daniel Tecklemariam Hagos. A[nd] Monetary Damages from King County Superior Court and King County Correctional Facility for $90,000,000[.]"

Dkt. 9, at 9.

## STANDARD OF REVIEW

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure can be granted only if the complaint, with all factual allegations accepted as true, fails to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Mere conclusory statements in a complaint and "formulaic recitation[s] of the elements of a cause of action" are not sufficient. *Id.*; *Chavez v. United States*, 683 F.3d 1102, 1108-09 (9th Cir. 2012). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Ballistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir. 1990).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 556, 570). The pleading must be more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*.

While the Court must accept all the allegations contained in the Complaint as true, the Court does not have to accept a "legal conclusion couched as a factual allegation." *Id*. When a plaintiff is proceeding *pro se*, his allegations must be viewed under a less stringent standard than allegations of plaintiffs represented by counsel. *Haines v. Kerner,* 404 U.S. 519 (1972), *reh'g denied,* 405 U.S. 948 (1972); *Bretz v. Kelman*, 773 F.2d 1026, 1027 n. 1 (9th Cir. 1985) (en banc) (petitioner should be afforded the "benefit of any doubt").

While the court can liberally construe a plaintiff's complaint, it cannot supply an essential fact an inmate has failed to plead. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) (*quoting Ivey v. Board of Regents of University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)). The court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

## DISCUSSION

### A. Three Strikes

The Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915, governs *in forma pauperis* ("IFP") proceedings. Under § 1915(a), a district court may waive the filing fee for civil complaints by granting IFP status to individuals unable to afford the fee. *Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). "To address concerns that prisoners proceeding IFP were burdening the federal courts with frivolous lawsuits, the PLRA altered the IFP provisions for prisoners in an effort to discourage such suits." *Id.* (citing *Abdul-Akbar v. McKelvie*, 239 F.3d

REPORT AND RECOMMENDATION - 4

307, 312 (3d Cir. 2001) (en banc)). Indigent prisoners still receive IFP status if they meet the requirements, but § 1915(b) states prisoners proceeding IFP must pay the filing fee when funds become available in their prison accounts. 28 U.S.C. §1915(b); *Cervantes*, 493 F.3d at 1051. "Additionally, prisoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three-strikes rule." *Cervantes*, 493 F.3d at 1051-52. The "three-strikes rule," contained in §1915(g), states:

> [i]n no event shall a prisoner bring a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The Court notes the PLRA's strike provision does not distinguish between dismissals with prejudice, dismissals without prejudice, actions dismissed on the merits, or actions dismissed pursuant to the PLRA's screening provisions. *O'Neal v. Price*, 531 F.3d 1146, 1154–55 (9th Cir. 2008). When an application is rejected pursuant to the screening provisions of 28 U.S.C. § 1915 and the case is dismissed, the dismissal counts as a strike. *Id* at 1155.

The Court's records show plaintiff has filed a considerable number of lawsuits, including ten in 2022. At least three of those prior matters, which were filed while plaintiff was incarcerated, have been dismissed as frivolous or for failure to state a claim upon which relief may be granted. Thus, the Court finds the following prior dismissals constitute "strikes" pursuant to section 1915(g):

- *Hagos v. Munoz, et al.*, No. 2:21-cv-01640-JLR (W.D. Wash.), Dkts. 14, 16 (case dismissed for failure to state a claim upon which relief may be granted);
- *Hagos v. Jail Health Staff, et al.*, 2:22-cv-00499-JCC (W.D. Wash.), Dkts. 12, 13 (case dismissed for failure to state a cognizable claim for relief); and

REPORT AND RECOMMENDATION - 5

1     -    *Hagos v. King County Superior Court*, 2:22-cv-00928-JCC (W.D. Wash.), Dkt. 9 (case dismissed with prejudice for failure to state a claim upon which relief may be granted).

Because he has incurred at least three "strikes," plaintiff is barred from proceeding IFP unless he shows he was "under imminent danger of serious physical injury," at the time he signed his civil rights complaint on December 29, 2022. *See* 28 U.S.C. § 1915(g).

Plaintiff fails to make this required showing. Plaintiff's complaint alleges only that a jail health staff worker, Kathleen Driscoll, refused to take him to Harborview hospital. Dkt. 1-1. Plaintiff makes no allegation of any risk of physical harm, alleging only that he was refused an x-ray and told to take aspirin. *Id*. at 5. He also declares on several pages of his proposed complaint, "I am being attacked!" but fails to explain if that attack is physical and, if so, any of the details of an attack. *See id*. at 3, 5, 13, 15; Dkt. 9, at 1. Indeed, plaintiff appears to allege that the attack is not physical at all but is the result of both defendants manipulating software "from [their] mind." Dkt. 1-1, at 3. These allegations fall far short of the required showing of imminent danger of serious physical injury.

Plaintiff is therefore ineligible to file this lawsuit in federal court without paying $402.00 ($350.00 filing fee plus $52.00 administrative fee). *See* 28 U.S.C. § 1915(g); *see also, Andrews v. King*, 398 F.3d 1113, 1120 (9th Cir. 2005) (holding that once the prisoner has been placed on notice by the district court of potential disqualification for IFP status under § 1915(g), "the prisoner bears the ultimate burden of persuading the court that § 1915(g) does not preclude IFP status"). However, even if plaintiff did pay the filing fee, the Court would recommend dismissal of his complaint due to the uncured deficiencies outlined below.

*B. Screening*

The Court has also reviewed plaintiff's Amended Complaint, notwithstanding the three strikes incurred, and finds that it is deficient. Therefore, the Court recommends dismissal of the complaint.

*1. Eighth Amendment violation*

Plaintiff alleges Kathleen Driscoll violated his Eighth Amendment protection against cruel and unusual punishment. In his first proposed complaint, plaintiff identified the defendant as only "Cathlene." Dkt. 1-1, at 4. In his amended complaint, per this Court's direction, plaintiff provided the full name of the alleged defendant. Dkt. 9, at 3.

However, plaintiff has cured none of the other deficiencies identified in his prior complaint. In its previous order, the Court held:

> [T]he facts set forth by plaintiff in his complaint pertaining to the adequacy of the health care provided to him at KCCF are insufficient to support the claimed Eighth Amendment violation. To establish an Eighth Amendment claim for denial of medical care, a plaintiff must demonstrate that he had a "serious medical need," and that the defendant's response to that need was deliberately indifferent. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1991), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc)).
>
> A prison official is deliberately indifferent to a serious medical need if she "knows of and disregards an excessive risk to inmate health." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). To be liable under the Eighth Amendment, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [s]he must also draw the inference." *Id.* "If a [prison official] should have been aware of the risk, but was not, then the [official] has not violated the Eighth Amendment, no matter how severe the risk." *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002).
>
> Deliberate indifference is a narrow legal standard. *See Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). An inadvertent or negligent failure to provide adequate medical care is insufficient to establish a claim under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976); *see also Farmer*, 511 U.S. at 835 ("ordinary lack of due care" is insufficient to establish an Eighth Amendment claim). At this time, plaintiff's allegations, which amount largely to dissatisfaction with the procedures of jail health staff and "Cathlene," lack sufficient clarity and specificity to satisfy this standard.

Dkt. 7, at 4.

Here, aside from providing the alleged defendant's full name, plaintiff's Amended Complaint contains no further information to support an alleged Eighth Amendment violation. Instead, plaintiff's Amended Complaint summarizes the legal standard applicable for evaluating a claim of deliberate indifference. Dkt. 9, at 4–5. Without underlying facts present in the amended complaint—or the original complaint—to support the claim, plaintiff has not shown any entitlement to relief.

*2. Sixth Amendment violation*

Plaintiff seeks relief against his pro bono counsel, John St. Laurent, for allegedly ineffective assistance. However, as the Court informed plaintiff previously, a state public defender performing traditional lawyer function is not a state actor subject to the provisions of § 1983. *Polk County v. Dodson*, 454 U.S. 312, 324–25 (1981); *Miranda v. Clark County*, 319 F.3d 465, 468 (9th Cir. 2002). Accordingly, to the extent plaintiff seeks to recover damages against his counsel for his actions in his capacity as an attorney, his claim is not cognizable under § 1983.

In addition, plaintiff's Amended Complaint cures none of the defects identified with respect to this alleged constitutional violation, which the Court set forth in its prior Order:

> First, plaintiff is a pretrial detainee with ongoing state proceedings. Second, as these proceedings involve a criminal prosecution, they implicate important state interests. *See Kelly v. Robinson*, 479 U.S. 36, 49 (1986); *Younger* [*v. Harris*], 401 U.S. [37,] 43–44 [(1971)]. [Second], plaintiff has failed to allege facts showing that he has been denied an adequate opportunity to address the alleged constitutional violation in the state court proceeding. Last, plaintiff raises a claim that would effectively enjoin the ongoing state judicial proceeding. As *Younger* applies to this claim for relief, it is not appropriate.

Dkt. 7, at 6.

1    Again, as with the first count of his proposed complaint, plaintiff's amended complaint
2    cures none of the defects present in the original. Instead, plaintiff provides a short summary of
3    the pleading requirements for a section 1983 claim. Dkt. 9, at 6–7. Plaintiff's discussion of the
4    law is absent of any facts that would give rise to a claim for relief, let alone a section 1983 civil
5    rights claim.

6    *C. Supplemental Filings.*

7    Plaintiff also filed additional pages of prison records. *See* Dkts. 8, 10. While not a part of
8    the proposed amended complaint, the documents provide only generalized complaints about the
9    alleged deficient medical treatment he received while housed in the King County Jail. "[T]he
10   Court cannot glean what claims for relief might lay hidden in the narration provided by plaintiff
11   and it is plaintiff's responsibility to make each claim clear and provide only a short statement of
12   facts supporting [each] claim." *Henderson v. Scott*, 2005 WL 1335220, at *1 (E.D. Cal. May 4,
13   2005).

14   As plaintiff has not shown he suffered a violation of his constitutional rights that was
15   caused by a person acting under color of state law, he has failed to state a claim upon which
16   relief can be granted. *See Jones v. Community Development Agency*, 733 F.2d 646, 649 (9th Cir.
17   1984) (vague and mere conclusory allegations unsupported by facts are not sufficient to state
18   section 1983 claims).

19   For the above stated reasons, the Court finds plaintiff's proposed amended complaint
20   fails to state a claim upon which relief can be granted.

21   Unless it is absolutely clear that no amendment can cure the defects of a complaint, a pro
22   se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior
23   to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). Plaintiff
24

REPORT AND RECOMMENDATION - 9

has been put on notice of the deficiencies of his proposed complaint, but did not cure the deficiencies. Dkts. 7, 9. Accordingly, the Court recommends that plaintiff not be given additional leave to amend. *See Swearington v. California Dep't of Corr. & Rehab.*, 624 F. App'x 956, 959 (9th Cir. 2015) (finding district court did not abuse its discretion in dismissing without leave to amend because plaintiff did not cure complaint's deficiencies despite district court's specific instructions about how to do so); *see also Fid. Fin. Corp. v. Fed. Home Loan Bank of San Francisco*, 792 F.2d 1432, 1438 (9th Cir. 1986) ("The district court's discretion to deny leave to amend is particularly broad where the court has already given the plaintiff an opportunity to amend his complaint.").

## CONCLUSION

The Court finds plaintiff has failed to state a claim upon which relief can be granted despite being notified of the deficiencies of the complaint. Therefore, the Court recommends that the case be dismissed for failure to state a claim and additional leave to amend not be given. As the Court finds plaintiff has failed to state a claim, the Court recommends plaintiff's application to proceed IFP be denied.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **March 10, 2023,** as noted in the caption.

Dated this 22nd day of February, 2023.

J. Richard Creatura
United States Magistrate Judge

REPORT AND RECOMMENDATION - 11